## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| OPPORTUNE LLP<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OPORTUN, INC. and<br>OPORTUN, LLC<br><br><br><br>　　　　　　　　　Defendants. | Civil Action No.  4:18-cv-7<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF OPPORTUNE LLP'S ORIGINAL COMPLAINT

Plaintiff Opportune LLP ("Plaintiff" or "Opportune") files its Original Complaint against Oportun, Inc. and Oportun, LLC (collectively, "Defendants" or "Oportun").

## I.  PRELIMINARY STATEMENT

1.     This is an action for injunctive relief and other relief arising from Defendants' trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of Texas state law, Tex. Bus. & Com. Code § 16.103; and trademark infringement, unfair competition, and misappropriation under Texas common law.

2.     Opportune's claims arise from Defendants' unauthorized use of Opportune's federally-registered trademarks used in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendants' financial services, namely, providing personal loans, lines of credit, and debit card services to individuals with little or no credit history.  Defendants' conduct has caused and will continue to cause irreparable harm to Opportune.  Therefore, as set

forth below, Opportune is entitled to injunctive relief to stop Defendants from exploiting Opportune's trademarks in violation of federal and state law.

## II. PARTIES

3.      Plaintiff Opportune LLP is a Texas limited liability partnership with its principal place of business at 711 Louisiana, Suite 3100, Houston, Texas 77002.

4.      Defendant Oportun, Inc. is a privately-held Delaware corporation with its principal place of business at 1600 Seaport Blvd., Suite 250, Redwood City, California 94063.  Until recently, Oportun, Inc. has been known and conducted business as Progress Financial Corporation and Progreso Financiero.   On February 19, 2016, Oportun, Inc. filed two Assumed Name Certificates in Texas to operate under the assumed names "Oportun" and "Oportun Lending Inc." Oportun, Inc.'s registered agent in Texas can be served at: Corporation Services Company, D/B/A CSC-Lawyers, 211 E. 7th Street, Ste. 620, Austin, TX 78701.

5.      Defendant Oportun, LLC is Delaware limited liability company with its principal place of business at 1600 Seaport Blvd., Suite 250, Redwood City, California 94063. Oportun, LLC has been known as Ventiva Marketing, LLC ("Ventiva").  Oportun, LLC is not registered to conduct business in Texas, but Ventiva is registered to conduct business in Texas.  Oportun, LLC's registered agent in California can be served at: Corporation Services Company, D/B/A CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## III. JURISDICTION

6.      This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and supplemental jurisdiction over the substantially related state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because Defendants have extensive contacts with, and conduct business within, the State of Texas and this judicial district.

## IV. VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the State of Texas and in this judicial district.

## V. FACTUAL BACKGROUND

**A.     Opportune's Trademarks**

9. Opportune is a leading global energy consulting firm specializing in adding value to clients across the energy industry, including upstream, midstream, downstream, power and gas, commodities trading, and oilfield services.

10. Opportune's consulting practice includes the following practice areas: financial services, restructuring, energy advisory services, chemical engineering, reserve engineering and geosciences, dispute resolution, enterprise risk, outsourcing, strategy and organization, tax, valuation, and transactional due diligence.

11. Opportune offers a variety of financial services, including: financial forecasting, financial cost-benefit analyses, cash flow and expense evaluations, analysis of liquidity needs, tax evaluations, complex financial reporting, debtor services in bankruptcy proceedings, commodity risk management, and business valuations.

12. Opportune has offices in Houston, Texas; Dallas, Texas; Denver, Colorado; New York, New York; Tulsa, Oklahoma; and London, United Kingdom. In addition, Opportune is registered to do business and conducts business in California and Connecticut.

13.     Plaintiff has operated under the name Opportune LLP since its founding in 2005.

14.     Since June 8, 2005, Opportune has extensively and continuously used, advertised, and promoted its OPPORTUNE trademark in commerce in connection with its business and consulting services.

15.     In addition to Opportune's common law use of the OPPORTUNE mark since 2005, the company owns two federally registered trademarks, both of which are registered on the Principal Trademark Register of the U.S. Patent and Trademark Office ("PTO").

16.     Opportune owns U.S. Registration No. 5,116,916 for OPPORTUNE, a standard character mark ("Word Mark"), in International Classes ("Class") 35, 36, 42, and 45.

17.     Opportune also owns U.S. Registration No. 5,116,917 for the OPPORTUNE design plus word mark ("Design Mark"), shown below, in Classes 35, 36, 42, and 45.



18.     Opportune filed applications for the Word Mark and Design Mark on May 18, 2015, and both applications were registered on January 10, 2017.  Both registrations' first date of use in interstate commerce is June 8, 2005.

19.     The trademark registrations for the Word Mark and Design Mark cover the following services:

> "Business risk management consultation, tax consultation, outsourcing services in the nature of arranging service contracts for others; Business consulting in the field of energy use management and energy efficiency; business consulting related to the business of reserve engineering and geosciences, namely, advising

businesses and individuals on valuation, risk, mergers and acquisitions, land administration, and field development studies" in Class 35;

"***Financial services***, namely, financial reporting and financial restructuring services; Corporate financial services, namely, financial consultation in the energy field, related to valuations of enterprises, assets and financial instruments, and mergers and acquisitions" in Class 36;

"Technology consulting in the fields of energy, reserve engineering, namely, preparing engineering reports, and geosciences, namely, the preparation and analysis of geological and geophysical data" in Class 42; and

"Alternative dispute resolution services" in Class 45.

(emphasis added).  True and correct copies of the registrations for the Word Mark and Design Mark are attached as Exhibits 1 and 2, respectively.

20.     Registrations of the Word Mark and Design Mark are currently valid and enforceable.

21.     Opportune's common law use of OPPORTUNE since at least June 2005 and registrations for the Word Mark and Design Mark are collectively referred to as the "MARK" hereinafter.

22.     Opportune has extensively and continually used, advertised, and promoted the MARK within the United States and worldwide since 2005.  Substantial time, effort, and money have been expended since 2005 to ensure that consumers associate the MARK exclusively with Opportune.

23.     Because of Opportune's extensive advertising and promotion of its services used in connection with the MARK, the MARK has become famous among the consuming public, especially within the states where it has offices, and within the State of Texas where Opportune has its principal place of business.

24.     Opportune uses the MARK on its website, promotional materials, reports, and analyses to advertise, market, and promote its services directly to its clients and potential clients.

25.     The MARK appears prominently on Opportune's website.  A true and correct copy of a page from Opportune's website is attached as Exhibit 3.

26.     The MARK appears prominently on Opportune's client presentations and brochures.  True and correct copies of one client presentation and two brochures are attached as Exhibits 4-6, respectively.

27.     The MARK also appears on Opportune's social media accounts, including Facebook, LinkedIn, and Twitter.  True and correct copies of Opportune's Facebook, LinkedIn, and Twitter home pages are attached as Exhibits 7-9, respectively.

**B.      Opportune Has Garnered Significant Goodwill And Reputation In Its MARK Throughout The United States**

28.     After its founding in 2005 in Houston, Texas, Opportune expanded its business, for example, to Denver, Colorado in 2009, London, United Kingdom in 2010, New York, New York in 2012, and Tulsa, Oklahoma in 2013.

29.     Opportune's principle place of business is in Houston, Texas, where it currently employs approximately 140 individuals, transacts extensive business, and is an active corporate supporter in the community.

30.     By way of example, Opportune supports a variety of diverse community organizations, including the American Heart Association, St. Jude's Research, Blocking Out Hunger Foundation, Shriner's Hospital, Muscular Dystrophy Association, Citizens Committee for New York City, Parent Child Center of Tulsa, and Aspire - Massachusetts General Hospital.

31.     Opportune participates in a number of community events throughout the United States, including, for example, a career transitions panel at the Rice University Graduate School

of Business in Houston, Texas; the Bloomberg BNA Energy Tax Conference in Houston, Texas; an annual accounting conference at the Oklahoma State University School of Accounting in Tulsa, Oklahoma; the Association of Financial Professionals Conference in San Diego, California; the DNV GL Energy Executive Forum in Dana Point, California; the Western States and Land Commissioners Association Summer Conference in Anchorage, Alaska; the Council of Petroleum Accountants Societies Education Day in Denver, Colorado; and a briefing on Liquefied Natural Gas (LNG) Trading in London, United Kingdom.

32.     Opportune is a sponsor of the Women's Energy Network, and the MARK is featured on the Women's Energy Network's home page. A true and correct copy of the home page is attached as Exhibit 10.

33.     Opportune uses and promotes the MARK each time it participates in these community activities and organizations.   Since 2005, Opportune's active presence in the community in Texas and in communities throughout the United States has garnered significant goodwill and reputation in the MARK throughout the United States.

34.     Opportune has garnered extensive goodwill and reputation in its MARK worldwide, and print and online media organizations worldwide have published articles about Opportune.

35.     By way of example, in April 2012, the Houston Business Journal interviewed Opportune's CEO "to talk about how his fast-growing company operates" and the "energy industry" broadly.  This article noted that Opportune was "growing rapidly," having experienced a "711 percent growth rate" in revenue since 2007 and hired 50 new employees between 2010 and 2011.  A true and correct copy of the article is attached as Exhibit 11.

36.     In July 2016, PR Newswire, a global news platform and distributor, published an article discussing Opportune's expertise in complex financial services and highlighting Opportune's cost-benefit analysis regarding financial risks for U.S. taxpayers.  A true and correct copy of the article is attached as Exhibit 12.

37.     In August 2016, India Energy News, an online news provider, reported on Opportune's expansion in Dallas, Texas and the addition of a new managing director to lead the expansion efforts.  A true and correct copy of the article is attached as Exhibit 13.

38.     In April 2017, Kazakhstan Newsline, a global news platform, quoted an Opportune employee concerning the productivity of an oil rig in the Permian Basin, located in Texas, and its implications on the U.S. oil production supply.  A true and correct copy of the article is attached as Exhibit 14.

39.     In July 2017, the Houston Business Journal reported on Opportune's New York-based subsidiary, Dacarba LLC, and Opportune's further expansion into the New York market.  A true and correct copy of the article is attached as Exhibit 15.

40.     In November 2017, Capital Options, a supplement to Oil and Gas Investor magazine, stated that Opportune has "add[ed] value to private capital organizations" since its founding in 2005.  A true and correct copy of the article is attached as Exhibit 16.

41.     These articles demonstrate that Opportune and its MARK are well-regarded and well-known within the Texas market, throughout the United States, and worldwide.

**C.     Defendants' Infringing Use Of Opportune's MARK Began In January 2015**

42.     On August 29, 2005, a predecessor company of Defendant Oportun Inc. registered in Delaware as Progress Financial Corporation.   A true and correct copy of the Delaware registration is attached as Exhibit 17.

43.     On July 20, 2009, Progress Financial Corporation filed an Application for Registration in Texas and an Assumed Name Certificate to conduct business as Progreso Financiero.  True and correct copies of the Application and Certificate are attached as Exhibits 18 and 19, respectively.

44.     On January 5, 2015, Progress Financial Corporation amended its corporate name to Oportun, Inc.  A true and correct copy of the Delaware Secretary of State Certificate is attached as Exhibit 20.

45.     On February 19, 2016, Defendant Oportun Inc. filed two Assumed Name Certificates in Texas to operate under the assumed names "Oportun" and "Oportun Lending Inc." True and correct copies of the Certificates are attached as Exhibits 21 and 22, respectively.

46.     On January 27, 2009, a predecessor company of Defendant Oportun, LLC registered in Delaware as Ventiva Marketing, LLC.  A true and correct copy of the Delaware registration is attached as Exhibit 23.

47.     On January 20, 2015, Ventiva Marketing, LLC amended its corporate name to Oportun, LLC.  A true and correct copy of the Delaware Secretary of State Certificate is attached as Exhibit 24.

48.     Defendants' website indicates that both Oportun, Inc. and Oportun, LLC reserve rights over the website and/or its content.  A true and correct copy of a page of Defendants' website is attached as Exhibit 25.

49.     Defendants' website states that they are a "financial technology company . . . with the mission of providing affordable loans that help people with little or no credit history establish credit and build a better future."  A true and correct copy of a page of Defendants' website is attached as Exhibit 26.

50.     On November 6, 2014, PF Servicing, LLC ("PF Servicing") filed an application for OPORTUN, a standard character mark, and on July 12, 2016, PF Servicing obtained U.S. Registration No. 4,999,048 for the standard character mark in Class 36 covering "Financial services, namely, providing personal loans and lines of credit; debit card services."  A true and correct copy of the registration is attached as Exhibit 27.

51.     On December 19, 2014, PF Servicing filed an application for OPORTUN, a design plus word mark, shown below:



On July 12, 2016, PF Servicing obtained U.S. Registration No. 4,999,148 for the design plus word mark in Class 36 covering "Financial services, namely, providing personal loans and lines of credit; debit card services."  A true and correct copy of the registration is attached as Exhibit 28.

52.     PF Servicing's registrations claim a date of first use in commerce on January 5, 2015, nearly 10 years after Opportune first began using the MARK in commerce on June 8, 2005.

53.     On April 18, 2017, PF Servicing assigned its rights to U.S. Registration Nos. 4,999,048 and 4,999,148 to Defendant Oportun, Inc.  A true and correct copy of the recorded assignment is attached as Exhibit 29.

54.     Defendant Oportun, Inc.'s Registration No. 4,999,048 for the OPORTUN word mark and Plaintiff's OPPORTUNE Word Mark have identical pronunciations and the appearance of each of the marks is nearly identical to consumers in the marketplace, differing in appearance only by two letters.

55.     Defendant Oportun, Inc.'s Registration No. 4,999,148 for the design mark is also similar in appearance and sound to Opportune's Design Mark, in that both marks share nearly identical words and a similar design element of emanating rays:

        

**Opportune's Design Mark          Oportun Inc.'s Registration No. 4,999,148**

56.     Defendants use the OPORTUN word and design marks to offer "[f]inancial services namely, providing personal loans and lines of credit; debit card services" in Class 36 which are similar to Opportune's financial services also registered in Class 36.

57.     Upon information and belief, since at least June 2016, Defendants have advertised their financial services in Texas using the term "Oportun."

58.     Defendants' use of the OPORTUN word and design marks is likely to cause, and is in fact causing actual confusion, mistake, or deception among the relevant consuming public as to the origin, sponsorship, source, or approval of Defendants' services.  Further, Defendants' use is likely to dilute Opportune's goodwill and reputation in its MARK, and is likely to tarnish or disparage Opportune's MARK.

**D.     Defendants' Infringing Use of Opportune's MARK Is Widespread**

59.     Accordingly to Defendants' website, they currently operate at least 18 financial service locations in the Houston metropolitan area.  Some of these financial service locations are

located inside other businesses, such as in grocery stores; others are customer store fronts.  For example, the store front below is located 6.1 miles away from Opportune's headquarters:



60.     Defendants also operate financial service locations in at least Dallas, San Antonio, Harlingen, McAllen, and Brownsville, Texas.

61.     According to Defendants' website, Defendants currently operate more than 245 locations and deliver bilingual (English/Spanish) customer service via retail locations, contact centers, and/or mobile to customers in Texas, Arizona, California, Illinois, Missouri, Nevada, New Mexico, and Utah.  *See* Ex. 26.

62.     Defendants' website prominently displays their OPORTUN mark, *see* Ex. 25:



63.     Upon information and belief, beginning in or around June 2016, Defendants distributed the following brochure in the Houston area:



64.     Upon information and belief, Defendants have sponsored radio commercials throughout Texas advertising their financial services using their confusingly similar OPORTUN mark.

65.     Defendants' widespread use of their confusingly similar OPORTUN mark on store fronts, financial service locations, website, and print and radio advertisements is likely to cause, and is in fact causing actual confusion, mistake, or deception among the relevant consuming public as to the origin, sponsorship, source, or approval of Defendants' services.

**E.      Defendants' Infringing Use of Opportune's MARK Has Caused Actual Confusion Among Consumers In The Marketplace**

66.     On or around August 16, 2016, Opportune first learned that there was evidence of actual confusion among consumers in the marketplace after an Opportune employee received a misdirected email from one of Defendants' potential customers inquiring about business loans.  A true and correct copy of the email is attached as Exhibit 30.

67.     Upon information and belief, from at least June 2016 to November 2016, Defendants aired a series of radio commercials throughout Texas in both English and Spanish languages advertising "Opportune" loans with affordable fixed payments and urging individuals to visit their nearest "Opportune" location, or visit the "Opportune" website.

68.     Because Defendants did not spell out their name or website address (e.g., "www-dot-o-p-o-r-t-u-n-dot-com") in the commercial, any of Defendants' actual or potential customers wanting to find Defendants' website or perform an internet search for Defendants and/or its services based on these radio commercials had to use the phonetic spelling of the word "opportune."

69.     Upon information and belief, Defendants' confusing radio commercials caused the actual confusion experienced by Defendants' actual and potential customers because Defendants'

-14-

customers misspelled "oportun" as "opportune," and then mistakenly contacted Opportune as a result.

70.     Because of the confusion caused by Defendants' use of the Mark, especially when spoken aloud in radio advertisements, in or around August 2016, Opportune began receiving misdirected e-mails and phone calls from Defendants' actual and potential customers, who were attempting to contact Defendants regarding affordable loans for individuals with limited or no credit history.  However, Defendants' actual and potential customers called Opportune instead because of the actual confusion caused by Defendants' misleading radio commercials.

71.     Starting in August 2016, Opportune received approximately 15-30 misdirected calls per week from Defendants' actual and potential customers.

72.     As a result of the continued actual confusion caused by Defendants' unauthorized use of Opportune's MARK, on February 20, 2017, Opportune sent Defendants a cease and desist letter ("Cease and Desist Letter") requesting that Defendants discontinue use of "Oportun." A true and correct copy of the letter is attached as Exhibit 31.

73.     On April 3, 2017, Opportune informed Defendants once again that there was continued evidence of actual confusion in the marketplace.

74.     Beginning in April 2017, Opportune communicated with Defendants on multiple occasions regarding the actual confusion among Defendants' actual and potential customers, and expressed concern to Defendants regarding the disparagement of both Opportune's MARK and business as a result of Defendants' actions.

75.     Upon information and belief, no later than February 20, 2017, Defendants were aware that Defendants' advertising was leading Defendants' actual and potential customers to

search for "Opportune" instead of "Oportun," which resulted in the actual confusion experienced by Defendants' customers.

76.     In June 2017, nearly a year after the first instance of actual confusion, individuals attempting to contact Defendants were continuing to contact Opportune, and many of these calls were complaints about Defendants' services.

77.     On August 23, 2017, Opportune received a call about a payment on the caller's account where the caller stated she had Googled the word "opportune" and Opportune's number came up in the search results when she was trying to reach Defendants.

78.     Between September 1 and November 8, 2017, Opportune maintained a log documenting 21 phone calls from customers who were attempting to contact Defendants regarding their accounts or to gain more information regarding Defendants' personal loan financial services.

79.     Calls received by Opportune from Defendants' actual and potential customers between September 1 and November 8, 2017, asked questions, including for example: (1) "Do you speak Spanish? This is in reference to my loan;" (2) "My husband had a payment due, but we cannot pay it right now;" and (3) "I would like to stop receiving letters in the mail.  I tried to do it online but it asks for my social and I don't want to give that."

80.     Other calls received by Opportune from Defendants' actual and potential customers between September 1 and November 8, 2017, sought information on how to make payments to Oportun and how to apply for loans from Oportun.

81.     In October 2017, Opportune received return mail which was originally sent by Defendants to one of its customers in Houston, Texas.  A true and correct copy of the returned envelope is attached as Exhibit 32.

82.     Evidence of actual consumer confusion also exists on social media accounts.  On

September 5, 2017, Opportune received a public comment on its LinkedIn post that, in Spanish, praised and thanked "Oportun" for certain financial services.[1]



83.    With knowledge of the MARK, Defendants are causing actual confusion among the relevant customers and trading on the goodwill and reputation of Opportune's MARK.

---

[1] The English translation of the LinkedIn post states: "Opportune is one of the best financials that you can find help and comfortable payments. Thank you very much Opportune. I am very grateful."

84.     As of October 2017, Defendants have used Google AdWords[2] to advertise their services using Opportune's MARK, and paid for a link to Defendants' website to appear as the first result when a Google search is performed for Opportune's MARK.   Defendants further displayed these sponsored advertisements, at a minimum, to customers in Texas, as demonstrated by the Google search for "opportune" made from mobile phones in Houston, Texas, which returned the following result:



---

[2] Google AdWords allows businesses to "target [their] ads to the type of customers [they] want, and filter out those [they] don't." ADWORDS HELP, https://support.google.com/adwords/answer/6 33602 (visited Oct. 20, 2017). "When you advertise online with AdWords, you can use different targeting methods to reach potential customers right when they're searching for your products or services." *Id.*

(emphasis added).  Although users searched for Opportune's MARK in the Google search above, the first result in the image is a sponsored advertisement for Defendants' services which uses Opportune's Mark, demonstrating Defendants' intent to trade on Opportune's goodwill and reputation.

85.    In response to the actual confusion among Defendants' actual and potential customers, Opportune was forced to provide special training to its reception staff regarding logging the misdirected calls intended for Defendants.

86.    Defendants' actions have and will continue to irreparably injure, cause confusion in the marketplace, and dilute the goodwill of the MARK, and Opportune's business reputation and valuable intellectual property.

## VI. CAUSES OF ACTION

### COUNT ONE
### Trademark Infringement under Federal Law (15 U.S.C. § 1114(1))

87.    Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth below.

88.    Opportune's MARK is a distinctive and protectable mark that has become exclusively associated with Opportune though its continuous, extensive, and widespread use in commerce of the MARK in advertising, promoting, and marketing its services since 2005.  As a result, the MARK exclusively identifies Opportune's business and services, including its financial services.

89.    Without Opportune's authorization, Defendants used a reproduction, counterfeit, copy, or colorable imitation of Opportune's MARK in connection with selling, distributing, offering for sale, and/or advertising similar financial services.

90.     Defendants' unauthorized and wrongful use of the MARK, or a confusingly similar mark, in connection with Defendants' financial and personal loan services, including use in Defendants' physical store fronts, financial service locations, on Defendants' website, and in Defendants' advertisements, has deceived, mislead, and confused consumers as to origin, sponsorship, or approval, and therefore constitutes federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

91.     Defendants' use of the MARK, or a confusingly similar mark, is likely to continue deceiving, misleading, and confusing consumers as to origin, sponsorship, or approval, and therefore constitutes federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

92.     Defendants have wrongfully used and continue to wrongfully use Opportune's MARK, or a confusingly similar mark, to attract customers to Defendants' store fronts, financial service locations, customer service hot-line, and website.

93.     Upon information and belief, Defendants were, at all times, fully aware of Opportune's trademark rights and use of the MARK in connection with Opportune's services throughout the United States.

94.     Defendants' continued unauthorized use of the MARK, or a confusingly similar mark, at least since receiving Opportune's February 20, 2017 Cease and Desist Letter, is wanton and willful.

95.     As a direct and proximate result of Defendants' actions, Opportune has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

96.     Opportune has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot be compensated by a monetary amount.   Accordingly, Opportune is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

97.     Because Defendants' actions were taken and continue in willful, deliberate, and/or intentional disregard of Opportune's rights, Opportune is entitled to recover damages pursuant to 15 U.S.C. § 1117(a).

**COUNT TWO**
**Unfair Competition under Federal Law (15 U.S.C. § 1125(a))**

98.     Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth below.

99.     Defendants' actions, as described herein, constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100.    Defendants' unauthorized use in commerce of the MARK, or a confusingly similar mark, constitutes unfair competition, which is likely to cause and has caused actual confusion, mistake, or deception as to affiliation, connection, or association of Defendants and their goods and services with Opportune, or as to the origin, sponsorship, or approval of Defendants' goods and services by Opportune, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

101.    In view of Opportune's prior use of the MARK and its federal registrations, Defendants' intentional and unauthorized use of the MARK, or a confusingly similar mark, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

102.    As a direct and proximate result of Defendants' actions, Opportune has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

103.     Opportune has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot be compensated by a monetary amount.   Accordingly, Opportune is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

104.     Because Defendants' actions were taken and continue in willful, deliberate, and/or intentional disregard of Opportune's rights, Opportune is entitled to recover damages pursuant to 15 U.S.C. § 1117(a).

**COUNT THREE**
**Injury to Business Reputation; Dilution under Texas State Law**
**(Tex. Bus. & Com. Code § 16.103)**

105.     Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth below.

106.     Defendants' actions, as described herein, constitute dilution under Texas law, Tex. Bus. & Com. Code § 16.103.

107.     Opportune's MARK is arbitrary, fanciful, and/or highly distinctive, as used in connection with its consulting and financial services, and is a strong and famous MARK as a result of Opportune's prominence in the Texas marketplace and extensive advertising of its services under the MARK in Texas.   The MARK is famous and distinctive in Texas.

108.     Opportune's use of its MARK in Texas pre-dates Defendants' actions as alleged above in the Texas market.

109.     The facts set out above demonstrate that Defendants are diluting the goodwill, reputation, and exclusivity of Opportune's MARK in violation of the Texas Anti-Dilution Act. Defendants' confusing and unauthorized use of Opportune's MARK, or use of a confusingly similar mark, including, but not limited to, in Defendants' storefronts, on Defendants' website,

and in Defendants' advertisements is likely to tarnish, dilute, and disparage Opportune's reputation and goodwill in violation of Tex. Bus. & Com. Code § 16.103.

110.    Defendants' unauthorized and unlawful use of the MARK, at least since receiving Opportune's February 20, 2017 Cease and Desist Letter, is wanton and willful.

111.    As a direct and proximate result of Defendants' actions, as described herein, Opportune has suffered and will continue to suffer damages to its goodwill, reputation, and business interests.

112.    Opportune has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests cannot be quantified, and such injury cannot be compensated by a monetary amount.  Unless Defendants are permanently enjoined, Opportune will continue to suffer irreparable harm.

**COUNT FOUR**
**Trademark Infringement under Texas Common Law**

113.    Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth below.

114.    Defendants' actions, as described herein, constitute common law trademark infringement.

115.    Defendants' unauthorized and wrongful use of the MARK, or a confusingly similar mark, in commerce in connection with Defendants' business, has deceived, mislead, and confused consumers as to origin, sponsorship, or approval, and therefore constitutes trademark infringement under the common law of Texas.

116.    Defendants' use of the MARK, or a confusingly similar mark, is likely to continue deceiving, misleading, and confusing consumers as to origin, sponsorship, or approval, and therefore constitutes trademark infringement under the common law of Texas.

-23-

117.    Upon information and belief, Defendants' actions are with the knowledge of Opportune's MARK and with the intent to cause confusion and/or trade on Opportune's reputation and goodwill.

118.    As a direct and proximate result of Defendants' actions, Opportune has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

119.    Opportune has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot be compensated by a monetary amount.  Unless Defendants are permanently enjoined, Opportune will continue to suffer irreparable harm.

120.    Upon information and belief, Defendants' actions at all times relevant to this action have and continue to be knowing, intentional, wanton, willful, malicious, in bad faith, and oppressive, and based on information and belief, have resulted from fraud, malice, and/or gross negligence.

**COUNT FIVE**
**Unfair Competition under Texas Common Law**

121.    Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth below.

122.    Defendants' activities, as described herein, constitute unfair competition under Texas common law in that they are likely to cause consumers to believe that Defendants' products and/or services originate from the same source as, or are sponsored or approved by Opportune, or that there is an association, affiliation or connection between Defendants and Opportune.

-24-

123.    Upon information and belief, Defendants' actions are with the knowledge of Opportune's trademarks and with the intent to cause confusion and/or trade on Opportune's reputation and goodwill.

124.    As a direct and proximate result of Defendants' actions, Opportune has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

125.    Opportune has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot be compensated by a monetary amount.  Unless Defendants are permanently enjoined, Opportune will continue to suffer irreparable harm.

126.    Upon information and belief, Defendants' actions at all times relevant to this action have and continue to be knowing, intentional, wanton, willful, malicious, in bad faith, and oppressive, and based on information and belief, have resulted from fraud, malice, and/or gross negligence.

**COUNT SIX**
**Misappropriation under Texas Common Law**

127.    Plaintiff repeats and realleges each of the preceding paragraphs as if they were fully set forth below.

128.    Opportune holds a unique pecuniary interest in the MARK, and Opportune created that interest through the expenditure of substantial labor, skill and money.  Indeed, the MARK is distinctive and has become exclusively associated with Opportune through its continuous, extensive and widespread use of the MARK in advertising, promoting, and marketing its services. As a result, the MARK exclusively identifies Opportune's business and services, including its financial services.

129.    Defendants wrongfully used and continue to use the MARK, or a confusingly similar mark, in competition with Opportune, including, but not limited to, in Defendants' physical store fronts, financial service locations, on Defendants' website, and in Defendants' advertisements, and this use is likely to create and has created actual consumer confusion in the marketplace.

130.    Defendants are intentionally and willfully trading on the goodwill of Opportune's MARK and gaining a special advantage by soliciting customers using Opportune's MARK in internet mobile searches and radio commercials, as described herein.

131.    Defendants' activities, as described herein, constitute unlawful misappropriation of Opportune's goodwill under the common law of Texas.

132.    Defendants' unauthorized and unlawful use of the MARK, at least since receiving Opportune's February 20, 2017 Cease and Desist Letter, is wanton and willful.

133.    As a direct and proximate result of Defendants' actions, Opportune has suffered and will continue to suffer irreparable harm to its goodwill, brand, reputation, and business interests.

134.    Opportune has no adequate remedy at law because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, cannot be quantified, and such injury cannot be compensated by a monetary amount.  Unless Defendants are permanently enjoined, Opportune will continue to suffer irreparable harm.

### VII. JURY TRIAL DEMAND

135.    Plaintiff Opportune hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VIII. CONCLUSION AND PRAYER

WHEREFORE, Opportune respectfully prays for the following relief against Defendants as follows:

(a)     an order permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

      (i)     selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote Defendants' financial services bearing Opportune's MARK or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Opportune's MARK;

      (ii)    engaging in any activity that infringes on Opportune's rights in its MARK;

      (iii)   engaging in any activity constituting unfair competition with Opportune; and

      (iv)    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Opportune's MARK or any other mark that infringes or is likely to be confused with Opportune' MARK, or any services of Opportune, or Opportune as their source;

(b)     judgment for Opportune on all federal and state counts alleged above, including a finding that Defendants' infringement was deliberate;

(c)     an award of reasonable attorneys' fees and costs incurred in connection with this

         action, to be paid by Defendants, pursuant to 15 U.S.C. §1117 and Texas law; and

(d)     for such other and further relief as this Court may deem just and appropriate either

         at law or in equity.

Dated: 2nd day of January, 2018                    Respectfully submitted

                                                   /s/ *Chad Ennis*
                                                   Chad Ennis
                                                   State Bar No. 24045834
                                                   SDTX Bar No. 2972716
                                                   chad.ennis@bracewell.com

                                                   BRACEWELL LLP
                                                   111 Congress Ave., Suite 2300
                                                   Austin, Texas 78701
                                                   (512) 494-3622 – Telephone
                                                   (800) 404-3970 – Facsimile

                                                   Christopher A. Shield
                                                   State Bar No. 24046833
                                                   SDTX Bar No. 581968
                                                   chris.shield@bracewell.com

                                                   BRACEWELL LLP
                                                   711 Louisiana, Suite 2300
                                                   Houston, Texas 77002
                                                   (713) 223-2300 – Telephone
                                                   (800) 404-3970 – Facsimile

                                                   Erin Hennessey
                                                   Salsabil Ahmed
                                                   erin.hennessey@bracewell.com
                                                   salsa.ahmed@bracewell.com

                                                   BRACEWELL LLP
                                                   1251 Avenue of the Americas, 49th Fl.
                                                   New York, New York 10020-1100
                                                   (212) 508-6100 – Telephone
                                                   (800) 404-3970 – Facsimile

                                                   *ATTORNEYS FOR PLAINTIFF OPPORTUNE*
                                                   *LLP*

-28-