IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OPPORTUNE LLP,** | § § § | |
| Plaintiff, | § § § § | |
| v. | § § | 4:18-CV-7 |
| | § § § | |
| **OPORTUN, INC. and OPORTUN, LLC,** | § § § | |
| Defendants. | § § § § | |

## DEFENDANTS OPORTUN, INC. AND OPORTUN, LLC'S ANSWER TO PLAINTIFF OPPORTUNE LLP'S FIRST AMENDED COMPLAINT

Defendants Oportun, Inc. and Oportun, LLC (collectively, "Oportun"), by and through its counsel, respectfully submit this Answer in response to Plaintiff Opportune LLP's ("Plaintiff's") First Amended Complaint ("Amended Complaint").

1. Oportun admits that Plaintiff's Amended Complaint purports to assert the causes of action identified in Paragraph 1 of the Amended Complaint. Oportun denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2. Oportun admits that Plaintiff's claims purport to arise from Oportun's use of the OPORTUN mark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Oportun's financial services, namely, providing personal loans, lines of credit, and debit card services to individuals with little or no credit history. Oportun denies the remaining allegations in Paragraph 2 of Amended Complaint.

3. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Amended Complaint.

1

4. Oportun, Inc. admits that it is a privately held Delaware corporation and that its *previous* principal place of business was at 1600 Seaport Blvd., Suite 250, Redwood City, California 94063. As stated in the Answer to Plaintiff's Original Complaint, Oportun, Inc.'s current principal place of business is Two Circle Star Way, San Carlos, CA 94070. Oportun, Inc. admits that it has used the names Progress Financial Corporation and Progreso Financiero. Oportun, Inc. admits that two Assumed Name Certificates in Texas to operate under the Assumed Names "Oportun" and "Oportun Lending Inc" were filed by the Texas Secretary of State on February 19, 2016. Oportun, Inc. admits that its registered agent in Texas is Corporation Services Company, D/B/A CSC-Lawyers, 211 E. 7th Street, Ste. 620, Austin, TX 78701. Oportun, Inc. lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 of the Amended Complaint.

5. Oportun, LLC admits that it is a Delaware limited liability company and that its *previous* principal place of business was at 1600 Seaport Blvd., Suite 250, Redwood City, California 94063. As stated in the Answer to Plaintiff's Original Complaint, Oportun, LLC's current principal place of business is Two Circle Star Way, San Carlos, CA 94070. Oportun, LLC admits that it has used the name Ventiva Marketing, LLC. Oportun, LLC admits that it is not registered to conduct business in Texas but further states that Ventiva Marketing, LLC was registered to conduct business in Texas. Oportun, LLC admits that its registered agent in California can be served at: Corporation Services Company, D/B/A CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833. Oportun, LLC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Oportun admits that this Court has subject-matter jurisdiction over the claims asserted in the Complaint. Oportun denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. Oportun admits that the Court has personal jurisdiction over Oportun. Oportun denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8. Oportun admits that venue is proper in this district. Oportun denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Amended Complaint.

10. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Amended Complaint.

11. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Amended Complaint.

12. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Amended Complaint.

13. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Amended Complaint.

14. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Amended Complaint.

15. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Amended Complaint.

16. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Amended Complaint.

17. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Amended Complaint.

18. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, including the footnote, of the Amended Complaint.

19. Oportun admits that Exhibits 1 and 2 to the Complaint appear to be certificates of registration for the marks OPPORTUNE and OPPORTUNE (& Design). Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Amended Complaint.

21. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Amended Complaint.

22. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Amended Complaint.

23. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint.

24. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Amended Complaint.

25. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Amended Complaint.

26. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint.

27. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Amended Complaint.

28. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Amended Complaint.

29. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Amended Complaint.

30. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Amended Complaint.

31. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Amended Complaint.

32. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Amended Complaint.

33. Oportun denies that Plaintiff has garnered significant goodwill and reputation in its alleged OPPORTUNE mark throughout the United States. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Amended Complaint.

34. Oportun denies that Plaintiff has garnered extensive goodwill and reputation in its alleged OPPORTUNE mark worldwide. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 of the Amended Complaint.

35. Oportun admits that Exhibit 11 to the Complaint appears to be an article from the Houston Business Journal. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 of the Amended Complaint.

36. Oportun admits that Exhibit 12 to the Complaint appears to be an article from PR Newswire. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 of the Amended Complaint.

37. Oportun admits that Exhibit 13 to the Complaint appears to be an article from India Energy News. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 of the Amended Complaint.

38. Oportun admits that Exhibit 14 to the Complaint appears to be an article from Kazakhstan Newsline. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38 of the Amended Complaint.

39. Oportun admits that Exhibit 15 to the Complaint appears to be an article from the Houston Business Journal. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39 of the Amended Complaint.

40. Oportun admits that Exhibit 16 to the Complaint appears to be an article from Capital Options. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40 of the Amended Complaint.

41. Oportun denies the allegations in Paragraph 41 of the Amended Complaint.

42. Oportun admits the allegations in Paragraph 42 of the Amended Complaint.

43. Oportun denies the allegations in Paragraph 43 of the Amended Complaint.

44. Oportun admits the allegations in Paragraph 44 of the Amended Complaint.

45. Oportun denies the allegations in Paragraph 45 of the Amended Complaint.

46. Oportun admits the allegations in Paragraph 46 of the Amended Complaint.

47. Oportun admits the allegations in Paragraph 47 of the Amended Complaint.

48. Oportun admits that Exhibit 25 to the Amended Complaint appears to be a copy of a version of a page from Oportun, Inc.'s website at www.oportun.com which states "Oportun, Inc. and Oportun, LLC. ALL Rights Reserved." Oportun denies the remaining allegations in Paragraph 48 of the Amended Complaint.

49. Oportun admits that Exhibit 26 to the Amended Complaint appears to be a copy of a version of a page from Oportun, Inc.'s website at www.oportun.com which contains, among other things, the language quoted in Paragraph 49 of the Amended Complaint. Oportun denies the remaining the allegations in Paragraph 49 of the Amended Complaint.

50. Oportun admits that Oportun, Inc. operates a website available at https://oportunpath.com/en. Oportun also admits that Exhibit 27 appears to be a copy of a press release concerning its OPORTUNPATH service which contains, among other things, the language quoted in Paragraph 50 of the Amended Complaint. Oportun also admits that Exhibit 28 appears to be a copy of a version of a page from the website at https://oportunpath.com/en. Oportun denies the remaining allegations in Paragraph 50 of the Amended Complaint.

51. Oportun admits the allegations in Paragraph 51 of the Amended Complaint.

52. Oportun admits the allegations in Paragraph 52 of the Amended Complaint.

53. Oportun admits that PF Servicing obtained U.S. Registration No. 4,999,148 for the OPORTUN (& Design) Mark in Class 36 covering "Financial services, namely, providing personal loans and lines of credit; debit card services," that Exhibit 30 is a true and correct copy of that registration certificate, and that PF Servicing's Registration No. 4,999,148 and Registration No. 4,999,048 claim a date of first use in commerce of January 5, 2015. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53 of the Amended Complaint.

54. Oportun denies the allegations in Paragraph 54 of the Amended Complaint.

55. Oportun denies the allegations in Paragraph 55 of the Amended Complaint.

56. Oportun denies the allegations in Paragraph 56 of the Amended Complaint.

57. Oportun denies the allegations in Paragraph 57 of the Amended Complaint.

58. Oportun admits that it uses the OPORTUN word and design marks to offer personal loans, lines of credit, and debit card services. Oportun denies the remaining allegations in Paragraph 58 of the Amended Complaint.

59. Oportun admits the allegations in Paragraph 59 of the Amended Complaint.

60. Oportun denies the allegations in Paragraph 60 of the Amended Complaint.

61. Oportun denies the allegations in Paragraph 61 of the Amended Complaint.

62. Oportun denies the allegations in Paragraph 62 of the Amended Complaint.

63. Oportun admits that its website identifies service locations, some of which are in Houston, Texas and some of which are physically located inside other businesses. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 63 of the Amended Complaint.

64. Oportun admits that it operates service locations in Dallas, San Antonio, Harlingen, McAllen, and Brownsville, Texas. Oportun denies the remaining allegations in Paragraph 64 of the Amended Complaint.

65. Oportun admits that a page of its website, a copy of which is purportedly shown at Exhibit 26, has stated that Oportun operates more than 245 locations and delivers bilingual (English/Spanish) customer service via retail locations, contact centers, and mobile to customers in Texas, Arizona, California, Illinois, Missouri, Nevada, New Mexico, and Utah. Oportun denies the remaining allegations in Paragraph 65 of the Amended Complaint.

66. Oportun admits that a page of its website, a copy of which is purportedly shown at Exhibit 25, displays its OPORTUN mark. Oportun denies the remaining allegations in Paragraph 66 of the Amended Complaint.

67. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Amended Complaint.

68. Oportun denies the allegations in Paragraph 68 of the Amended Complaint.

69. Oportun denies the allegations in Paragraph 69 of the Amended Complaint.

70. Oportun denies the allegations in Paragraph 70 of the Amended Complaint.

71. Oportun denies the allegations in Paragraph 71 of the Amended Complaint.

72. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Amended Complaint.

73. Oportun denies the allegations in Paragraph 73 of the Amended Complaint.

74. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Amended Complaint.

75. Oportun denies the allegations in Paragraph 75 of the Amended Complaint.

76. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Amended Complaint.

77. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Amended Complaint.

78. Oportun admits that Exhibit 33 is a true and correct copy of a letter dated February 20, 2017 that Plaintiff sent to Oportun requesting that Oportun discontinue use of Oportun. Oportun denies the remaining allegations in Paragraph 78 of the Amended Complaint.

79. Oportun admits that Plaintiff contacted Oportun in or around April 2017 concerning Oportun's use of the mark OPORTUN. Oportun denies the remaining allegations in Paragraph 79 of the Amended Complaint.

80. Oportun admits that beginning in April 2017 Plaintiff communicated with Oportun on multiple occasions and stated that persons had been confused by certain uses of the mark OPORTUN by Oportun. Oportun denies the remaining allegations in Paragraph 80 of the Amended Complaint.

81. Oportun denies the allegations in Paragraph 81 of the Amended Complaint.

82. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Amended Complaint.

83. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Amended Complaint.

84. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Amended Complaint.

85. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Amended Complaint.

86. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Amended Complaint.

87. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Amended Complaint.

88. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Amended Complaint.

89. Oportun denies the allegations in Paragraph 89 of the Amended Complaint.

90. Oportun admits that it has used Google AdWords. Oportun denies the remaining allegations in Paragraph 90 of the Amended Complaint.

91. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Amended Complaint.

92. Oportun denies the allegations in Paragraph 92 of the Amended Complaint.

93. Oportun denies the allegations in Paragraph 93 of the Amended Complaint.

94. Oportun denies the allegations in Paragraph 94 of the Amended Complaint.

95. Oportun denies the allegations in Paragraph 95 of the Amended Complaint.

96. Oportun denies the allegations in Paragraph 96 of the Amended Complaint.

97. Oportun denies the allegations in Paragraph 97 of the Amended Complaint.

98. Oportun denies the allegations in Paragraph 98 of the Amended Complaint.

## COUNT ONE
## Trademark Infringement under Federal Law (15 U.S.C. § 1114(1))

99. Oportun repeats and re-alleges each of its responses to the preceding paragraphs as if they were fully set forth herein.

100. Oportun denies the allegations in Paragraph 100 of the Amended Complaint.

101. Oportun denies the allegations in Paragraph 101 of the Amended Complaint.

102. Oportun denies the allegations in Paragraph 102 of the Amended Complaint.

103. Oportun denies the allegations in Paragraph 103 of the Amended Complaint.

104. Oportun denies the allegations in Paragraph 104 of the Amended Complaint.

105. Oportun denies the allegations in Paragraph 105 of the Amended Complaint.

106. Oportun denies the allegations in Paragraph 106 of the Amended Complaint.

107. Oportun denies the allegations in Paragraph 107 of the Amended Complaint.

108. Oportun denies the allegations in Paragraph 108 of the Amended Complaint.

109. Oportun denies the allegations in Paragraph 109 of the Amended Complaint.

110. Oportun denies the allegations in Paragraph 110 of the Amended Complaint.

## COUNT TWO
### Unfair Competition under Federal Law (15 U.S.C. § 1125(a))

111. Oportun repeats and re-alleges each of its responses to the preceding paragraphs as if they were fully set forth herein.

112. Oportun denies the allegations in Paragraph 112 of the Amended Complaint.

113. Oportun denies the allegations in Paragraph 113 of the Amended Complaint.

114. Oportun denies the allegations in Paragraph 114 of the Amended Complaint.

115. Oportun denies the allegations in Paragraph 115 of the Amended Complaint.

116. Oportun denies the allegations in Paragraph 116 of the Amended Complaint.

117. Oportun denies the allegations in Paragraph 117 of the Amended Complaint.

118. Oportun denies the allegations in Paragraph 118 of the Amended Complaint.

## COUNT THREE
### Violation of the Anti-Cybersquatting Consumer Protection Act Under Federal Law (15 U.S.C. § 1125(d))

119. Oportun repeats and re-alleges each of its responses to the preceding paragraphs as if they were fully set forth herein.

120. Oportun denies the allegations in Paragraph 120 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

121. Oportun denies the allegations in Paragraph 121 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

122. Oportun denies the allegations in Paragraph 122 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

123. Oportun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

124. Oportun denies the allegations in Paragraph 124 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

125. Oportun denies the allegations in Paragraph 125 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

126. Oportun denies the allegations in Paragraph 126 of the Amended Complaint and further states that Count Three is subject to Oportun's pending Motion to Dismiss for Failure to State a Claim.

**COUNT FOUR**
**Injury to Business Reputation; Dilution under Texas State Law**
**(Tex. Bus. & Com. Code § 16.103)**

127. Oportun repeats and re-alleges each of its responses in the preceding paragraphs as if they were fully set forth herein.

128. Oportun denies the allegations in Paragraph 128 of the Amended Complaint.

129. Oportun denies the allegations in Paragraph 129 of the Amended Complaint.

130. Oportun denies the allegations in Paragraph 130 of the Amended Complaint.

131. Oportun denies the allegations in Paragraph 131 of the Amended Complaint.

132. Oportun denies the allegations in Paragraph 132 of the Amended Complaint.

133. Oportun denies the allegations in Paragraph 133 of the Amended Complaint.

134. Oportun denies the allegations in Paragraph 134 of the Amended Complaint.

## COUNT FIVE
## Trademark Infringement under Texas Common Law

135. Oportun repeats and re-alleges each of its responses in the preceding paragraphs as if they were fully set forth herein.

136. Oportun denies the allegations in Paragraph 136 of the Amended Complaint.

137. Oportun denies the allegations in Paragraph 137 of the Amended Complaint.

138. Oportun denies the allegations in Paragraph 138 of the Amended Complaint.

139. Oportun denies the allegations in Paragraph 139 of the Amended Complaint.

140. Oportun denies the allegations in Paragraph 140 of the Amended Complaint.

141. Oportun denies the allegations in Paragraph 141 of the Amended Complaint.

142. Oportun denies the allegations in Paragraph 142 of the Amended Complaint.

143. Oportun denies the allegations in Paragraph 143 of the Amended Complaint.

## COUNT SIX
## Unfair Competition under Texas Common Law

144. Oportun repeats and re-alleges each of its responses in the preceding paragraphs as if they were fully set forth herein.

145. Oportun denies the allegations in Paragraph 145 of the Amended Complaint.

146. Oportun denies the allegations in Paragraph 146 of the Amended Complaint.

147. Oportun denies the allegations in Paragraph 147 of the Amended Complaint.

148. Oportun denies the allegations in Paragraph 148 of the Amended Complaint.

149. Oportun denies the allegations in Paragraph 149 of the Amended Complaint.

150.    Oportun denies the allegations in Paragraph 150 of the Amended Complaint.

## JURY TRIAL DEMAND

151.    Oportun denies that there are any issues triable of right by a jury but demands a trial by jury of any such issues. Oportun denies the remaining allegations in Paragraph 151 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiff, Oportun asserts the following affirmative defenses to Plaintiff's Amended Complaint:

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff has abandoned the mark shown in Registration No. 5,116,916.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the prior user defense pursuant to 15 U.S.C. § 1115(b)(5).

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the prior registration defense pursuant to 15 U.S.C. § 1115(b)(6).

### Fifth Affirmative Defense

Plaintiff's claim for dilution under Texas law (Count Four of Plaintiff's Amended Complaint) is barred by 15 U.S.C. § 1125(c)(6).

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands and equitable estoppel.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and acquiescence.

### Eighth Affirmative Defense

Plaintiff has not sustained any injury or harm by reason of any alleged unlawful actions of Oportun.

Oportun reserves the right to assert additional affirmative defenses as it learns of them.

### PRAYER

Responding to Plaintiff's Conclusion and Prayer, Oportun prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by its Amended Complaint.
2. That Plaintiff's Amended Complaint is dismissed with prejudice.
3. That judgment is entered in favor of Oportun and against Plaintiff on the claims alleged in Plaintiff's Amended Complaint.
4. That Oportun recover its reasonable attorney's fees and costs incurred in this action under 15 U.S.C. § 1117, federal law, and state law.
5. That the Court award such other or further relief to Oportun that it deems just and proper.

| | |
|---|---|
| Dated: March 8, 2019 | Respectfully submitted,<br><br>/s/ *Calli A. Turner*<br>Calli A. Turner<br>State Bar No. 24088558<br>cturner@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>2501 N. Harwood, Suite 1900<br>Dallas, TX 75201<br>(214) 295-8000<br>(972) 232-3098 (facsimile)<br><br>John J. Dabney (*pro hac vice*)<br>jdabney@mwe.com<br>Mary D. Hallerman (*pro hac vice*)<br>mhallerman@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street NW<br>Washington, DC 20001<br>(202) 756-8000<br>(202) 756-8087 (facsimile)<br><br>**ATTORNEYS FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 8, 2019, a true and correct copy of the foregoing document was served by electronic transmission through the Court's Case Management Electronic Case Filing System.

               <u>/s/ *Calli A. Turner*</u>
               Calli A. Turner

DM_US 158624765-2.104107.0011